**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MICHAEL GARDNER** | **CASE NO.  6:24-CV-01027** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JARVIS MAYFIELD ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is the MOTION TO DISMISS PROCESS PURSUANT TO FRCP 12(B)(6) filed by Defendants Jarvis Mayfield, Sara Legier, J. Guthrie, Katelyn Chautin, and the City of Lafayette, Louisiana.  [Doc. 32].  The motion is unopposed.  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that the instant motion be GRANTED, and that Gardner's claims be DISMISSED WITH PREJUDICE for failure to state a claim under Rule 12(b)(6).

## Factual and Procedural Background

On some occasion, an "event" took place in Michael Gardner's store, resulting in the issuance of a warrant for Gardner's arrest.  [Doc. 1 at ¶15].  Defendants allege and Gardner does not dispute that underlying the arrest warrant was a charge that, as of the date of this Report and Recommendation, is still pending for battery on the infirm, which incident allegedly occurred on May 23, 2023.[1]  Months later, during the early morning hours of August 1, 2023, police officers with the Lafayette Police Department arrived near Gardner's place of

---

[1] Defendants cite the following Louisiana criminal case but provide no evidence of same: *State of Louisiana v. Michael Gardner*, 15th JDC, Parish of Lafayette, 2025-MD-197206. For purposes of this analysis, the Court accepts the uncontroverted fact that this charge of battery on the infirm underlies the arrest warrant at issue, but, because defense counsel does not provide the public record evidencing same, the Court may not take judicial notice of the charge.

business.   [*Id.* at ¶11].   Gardner's employee informed Gardner that the police were investigating an alarm call at an adjacent business.  *Id.*  Garder alleges that he "proceeded outside of his business and stood next to the open-door [sic] to his business, soft drink in hand, to see what was going on. As he exited the front door he was approached by a large, uniformed officer who immediately sought to accost Mr. Gardner and make demands on him." *Id.*  Gardner also alleges that he exited his place of business in order "to unlock and open another business" nearby.  [*Id.* at ¶12].  Lieutenant Jarvis Mayfield then asked Gardner to present his driver's license, and Gardner asked Mayfield, "[W]hat is this about?".  [*Id.* at ¶12].

Mayfield then, without explanation or warning, placed his hands on Gardner's chest, grabbing Gardner's shirt inside the shoulders, partially lifting Gardner from the ground, and began to push Gardner into a parked SUV.  [*Id.* at ¶13].  Mayfield then lost his balance and fell to the ground, pulling Gardner on top of him.  [*Id.* at ¶14].  The other officers in the area rushed to restrain Gardner, and Gardner "lost control of his soft drink beverage held in his right-hand [sic] which he had maintained at all times of Defendant Mayfield's assault."  [*Id.* at ¶15].  Mayfield then released Gardner, and Gardner rolled off Mayfield.  [*Id.* at ¶16]. Several police officers continued to restrain Gardner, who had "no understanding as to why he was being assaulted by uniformed police officers" and tried "to figure out what was taking place as multiple individuals were shouting instructions, grabbing him, and forcing him to move consistent with the differing officers [sic] instructions."  [*Id.* at ¶16].  The officers threatened to taze Gardner if he did not immediately surrender, stop moving, and obey instructions. [*Id.* at ¶17].  Gardner was then handcuffed.  [*Id.* at ¶17].

Gardner told the officers that he "was not informed of what was taking place when Defendant Mayfield first approached and began to accost him outside his business," and the officers informed Gardner that he was being arrested pursuant to the warrant issued for his

arrest for the "event which had taken place in his store months earlier." [*Id.* at ¶¶17-18]. The officers further informed Gardner that he was being charged with resisting an officer and battery to an officer. [*Id.* at ¶18].

On July 31, 2024, Gardner filed suit against Jarvis Mayfield, Sara Legier, Todd Borel, M. Richard, J. Guthrie, Katelyn Chautin, and the City of Lafayette, Louisiana. [Doc. 1]. Gardner brought claims for excessive force in violation of the Fourth Amendment and constitutional violations as to the City of Lafayette Police Department stemming from the August 1, 2023 arrest. [*Id.* at ¶¶24-30].

On May 13, 2025, Defendants filed an OPPOSED MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF CRIMINAL TRIAL AND RESPONSE TO SERVICE DEADLINE. [Doc. 26]. On July 29, 2025, this Court stayed the case pending the resolution of the criminal matters relating to the August 1, 2023 arrest, subject to the condition that, within 30 days of the date of the conclusion of the City Court Criminal proceeding, Gardner shall file a motion asking the Court to lift the stay. [Doc. 29]. On May 28, 2025, the City Court of Lafayette accepted Gardner's plea of no contest to the charge of resisting an officer. [Doc. 32-3]. On October 14, 2025, Defendants filed the instant motion to dismiss Gardner's claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). [Doc. 32]. On November 25, 2025, the City Court of Lafayette entered judgment accepting Gardner's plea of no contest to the charge of resisting an officer. [Doc. 36-1]. The charge of battery of an officer was dismissed. [Doc. 32-2 at p. 10]. No party has filed a motion to lift the stay.

### Law & Analysis

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the

plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. The Court does not accept conclusory allegations, unwarranted factual inferences, or legal conclusions that are not supported by factual allegations in its determination of facial plausibility. *Id.*

The *Heck* doctrine provides that a plaintiff may not bring a civil rights claim to obtain monetary damages if judgment in the plaintiff's favor would "necessarily imply the invalidity

of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). "A civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *Id*. at 486. This principle is another manifestation of the doctrine of issue preclusion or collateral estoppel, i.e., the policy of finality that prevents the collateral attack of a criminal conviction once the matter has been litigated. *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006).

When a plaintiff alleges tort claims against his arresting officers, the "court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence." Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000) (emphasis added and internal quotation omitted). Thus, in order to determine whether *Heck*'s favorable termination rule precludes Gardner's Section 1983 claim that Mayfield used excessive force, we first must determine whether Gardner's plea of *nolo contendere* is a "conviction or sentence," for purposes of the *Heck* analysis. "A judgment entered on a plea of *nolo contendere* adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial." *United States v. Williams*, 642 F.2d 136, 138 (5th Cir.1981). In a *Heck* analysis, the *nolo contendere* plea is not being used as an admission of guilt; rather, the *nolo contendere* plea is considered to determine whether the plaintiff's claim impacts the validity of a prior conviction arising from the same set of factual circumstances. *Wallace v. Lee*, 2002 WL 31175219, at *4 (E.D. La. 2002). The Fifth Circuit has made clear that a conviction based on a no-contest plea can be used to impose *Heck. Olivier v. City of Brandon*, No. 22-60566, 2023 WL 5500223, at *4 (5th Cir. 2023) (holding a "plea of *nolo contendere* is a conviction that implicates *Heck*."); *Munch v. Williams*, 508 Fed. App'x 358, 359 n.2 (5th Cir. 2013) (holding "a plea of *nolo contendere . . .* is enough . . . to trigger *Heck*."). Defendants represent, and neither the complaint nor

Gardner contradicts, that Gardner's *nolo contendere* plea resulted in a conviction which has not been reversed or overturned on appeal or habeas petition. Accordingly, the undersigned finds that, for purposes of determining whether Gardner's claims are barred by *Heck*, Gardner's plea of *nolo contendere* to resisting arrest is a "conviction" for purposes of this analysis.

In order for *Heck* to preclude Gardner's Section 1983 excessive force claim, a civil judgment in Gardner's favor on this claim would have to imply invalidity of his conviction for resisting arrest. *See Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). In applying the *Heck* doctrine, the Fifth Circuit has held that not every criminal conviction will bar Section 1983 claims for use of excessive force. For example, in *Wells v. Bonner*, 45 F.3d 90, 95 (1995), the Fifth Circuit assumed that a successful excessive force claim would not imply the invalidity of a conviction for resisting a search. In *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996), the Fifth Circuit "concluded that *Heck* does not bar a civil rights action alleging excessive force brought after the plaintiff entered an *Alford* plea to a charge of assaulting the arresting officers with a deadly weapon."

In a similar case, *Arnold v. Town of Slaughter*, 100 Fed. App'x 321 (5th Cir. 2004), the plaintiff alleged that he did nothing wrong but was viciously attacked by a police officer for no reason. The plaintiff was convicted of resisting an officer in violation of La. R.S. § 14:108. *Id*. The Fifth Circuit noted that not every excessive force claim will potentially invalidate a conviction and be barred by *Heck*, but this claim squarely challenged the factual determination underlying the plaintiff's conviction for resisting an officer. *Id*. A favorable outcome for the plaintiff would have implied the invalidity of the factual basis for the plaintiff's criminal conviction. Therefore, the plaintiff's lawsuit was barred by *Heck*. *Id*.

Here, the operative fact is that the validity of Gardner's excessive force claims relies on his allegation that Mayfield used force against Gardner for no reason apparent to Gardner, and that Gardner did not have notice that he was being arrested or detained when Mayfield exerted physical force against him. A finding that Gardner's claims and allegations are valid necessarily implicates at least one element of the crime of resisting arrest as defined by La. R.S. § 14:108.2(A)(1)—the element requiring that the officer's exertion of force against the arrestee occur "after notice is given that he is under arrest or detention…" Gardner alleges that he did no more than make polite inquiry when Mayfield began battering him and ultimately arrested him for no apparent reason. These allegations are in direct contradiction to his conviction based on the statutory requirement of using threatening force or violence against the police officer. Gardner's excessive force claim is barred by the *Heck* doctrine for the same reasons stated in *Arnold*. *See also Walker v. Munsell*, 281 Fed. App'x 388 (5th Cir. 2008) (excessive force claim barred by *Heck* when plaintiff was convicted on three counts of resisting an officer but asserted an excessive force claim based on allegations that police beat him when he did not resist arrest or do anything wrong). To the extent Gardner asserts an excessive force claim under state law, Louisiana also applies the *Heck* doctrine to tort claims. *Price v. City of Bossier*, 841 Fed. App'x 650 (5th Cir. 2021).

Therefore, the undersigned finds Gardner's claim of excessive force is barred by the *Heck* doctrine and recommends dismissal of Gardner's excessive force claim. The preferred order of dismissal in a *Heck* case is that the claims are dismissed with prejudice until such time as the *Heck* favorable determination conditions may be met, *i.e.*, the conviction is reversed or overturned on appeal or habeas petition. *Id.* (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

Without the allegations underlying Gardner's excessive force claims against Mayfield, Gardner has failed to plausibly plead his claims against the other officers present, Sara Legier, Todd Borel, M. Richard, J. Guthrie, and Katelyn Chautin. Other than Gardner's conclusory statement that he sued these officers for their "actions undertaken and failures to act while in the course and scope of [their] employment as a peace officer," Gardner alleges no specific facts about any actions or inactions of these police officers that would give rise to any claim against them. [Doc. 1 at ¶¶5-9]. Gardner has also failed to plausibly plead his general claims of constitutional violations committed against him by the "ratified procedures, customs, and practices" of the Lafayette Police Department. [*Id.* at ¶¶24-30].

## Conclusion

For the foregoing reasons, the undersigned recommends that the MOTION TO DISMISS PROCESS PURSUANT TO FRCP 12(B)(6) [Doc. 32] filed by Defendants Jarvis Mayfield, Sara Legier, J. Guthrie, Katelyn Chautin, and the City of Lafayette, Louisiana be GRANTED, and Plaintiff Michael Gardner's claims be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

Signed at Lafayette, Louisiana on this 22nd day of May, 2026.

David J. Ayo
United States Magistrate Judge